UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM CRAIG,

Plaintiff,

v. CASE NO:

WALMART STORES EAST, LP,

Defendant.
__________________________________/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WALMART STORES EAST, LP, (hereinafter "Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Eighteenth Judicial Circuit Court in and for Brevard County, Florida, Case No. 2026-CA-045020, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1. On or about August 12, 2026, Plaintiff commenced this action by filing a Complaint against Walmart in the Eighteenth Judicial Circuit Court in and for Brevard County, Florida. (See Pl's Compl; attached hereto as Exhibit "1.") The Complaint was served on Walmart on August 20, 2026.

2. Plaintiff alleges a claim for negligence against Walmart arising out of an alleged slip and fall on September 3, 2024, at the Walmart store located at 8500 N. Wickham Road, Melbourne, Brevard County, Florida. (Ex. 1 at ¶2, 7, 9). Plaintiff

claims Walmart was negligent in failing to maintain the premises in a reasonably safe condition, allowing a substance to remain on the floor, failing to clean, remove or barricade the alleged spill, failing to warn the Plaintiff of the alleged condition, and failing to reasonably inspect, discovery and remedy the condition. (Ex. 1 at ¶21).

3. Plaintiff's Complaint is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

4. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Eighteenth Judicial Circuit Court in and for Brevard County together with a docket sheet from the Clerk of the Court. (See attached as Composite Exhibit "2.")

5. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

6. Walmart hereby demands a trial by jury.

## II. REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that Plaintiff served Initial Disclosures which indicate Plaintiff is seeking damages exceeding $75,000.00. Exhibit "3". The Plaintiff's Initial Disclosures are the first "other paper" received after the filing of this action, from which it could be ascertained that the case is one which is removable. The thirty (30) day period commenced on August 20, 2026 when Defendant was served with the Disclosure.

8. Venue exists in the United States District Court for the Middle District of Florida, because the Eighteenth Judicial District in and for Brevard County, where Plaintiff filed her state court Complaint against Walmart, is located within the Middle District of Florida.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

9. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

10. Wal-Mart Stores East, LP, was at the time of the alleged incident, and is currently, a Delaware limited partnership.

11. WSE Management, LLC is the general partner and WSE Investments, LLC, is the limited partner of Walmart. WSE Management, LLC and WSE Investments, LLC were at the time of filing the Complaint, and still are Delaware limited liability companies.

12. The sole member of WSE Management, LLC and the sole member of WSE Investments, LLC is, and was at the time of the filing of the Complaint, Wal-Mart Stores, East, LLC, an Arkansas Limited Liability Company.

13. The sole member of Wal-Mart Stores East, LLC, is and was at the time of filing the Complaint, Wal-Mart Stores, Inc.

14. Wal-Mart Stores, Inc. is a Delaware corporation that is a publically

traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Wal-Mart Stores, Inc. is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

15. The principal place of business for all of the above entities (Wal-Mart Stores East, L.P., WSE Management, LLC, WSE Investments, LLC, Wal-Mart Stores East, LLC, and Wal-Mart Stores, Inc.,) is and was at the time of the filing of the Complaint, Bentonville, Arkansas.

16. Hence, Defendant, Wal-Mart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

17. The Eleventh Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, "[A] person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005).

18. According to Plaintiff's Complaint at all times relevant, Plaintiff was a resident of Brevard County, Florida. (Exhibit "1" at ¶3).

19. Plaintiff's medical records also disclose his residential address to be in Melbourne, Florida.

20. Further, and most importantly, Plaintiff's Florida Voter Registration identifies his true, fixed, permanent home to be in Melbourne, Brevard County, Florida. Attached as Exhibit "4". Florida Voter Registration requires affirmation by

the party that they are a legal resident of the state and county where he is registered.

21. For purposes of diversity jurisdiction, the Middle District has previously recognized that a party must establish an "intent to remain in Florida." See Travelers Casualty and Surety Company of America v. Bergen, 2021 WL 7448133 (M.D. Fla. August 25, 2021).

22. In this instance, Plaintiff has disclosed that he is a resident of Florida with a true, fixed, permanent home in Melbourne, Brevard County, Florida. Accordingly, Plaintiff's principal establishment in Melbourne, Brevard County, Florida is evidence of domicile, which establishes citizenship in Florida. See McCormick v. Aderholt, 293 F. 3d 1254, 1257-58 (11th Cir. 2002).

23. Therefore, Defendant has satisfied that Plaintiff is domiciled in Florida and thus a citizen of Florida. See Norvilus-Foreste v. Walmart Store East, LP, Case No. 2:23-cv-00163-SPC-NPM (U.S. M.D. Fla. April 12, 2023).

24. As such, Plaintiff is not a citizen of Delaware or Arkansas.

25. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV. AMOUNT IN CONTROVERSY

26. The claimed amount in controversy exceeds $75,000.00, excluding interest, costs, and attorney's fees, costs and interest.

27. Plaintiff alleges in the Complaint that he slipped and fell and sustained

bodily injuries and damages. Plaintiff further alleges he "suffered bodily injury and resulting damages, including but not limited to injuries to his head, neck, back, spine, and other injuries; pain and suffering; disability; physical impairment; mental anguish; inconvenience; loss of capacity for the enjoyment of life; medical expenses; and other damages allowed by Florida law." (Ex. 1 at ¶9, 16.)

28. Plaintiff's Initial Disclosures indicated that as of that time, August 12, 2026, Plaintiff has incurred medical expenses totaling $352,017.89. Plaintiff also indicates that "it is anticipated that Plaintiff's medical bills will continue to rise as additional treatment is incurred," and that Plaintiff will have future medical expenses. Lastly, Plaintiff claims he has lost an undetermined amount of lost wages and earning capacity as a result of the subject incident. Exhibit "3".

29. According to the records produced by Plaintiff's counsel with the Initial Disclosures, Defendant has discerned that Plaintiff has sought medical care for both neck and back pain and underwent extensive imaging and treatment, culminating with a Bilateral SI Joint Fusion on May 13, 2026. (See Operative Report from Park Place Surgery Center dated May 13, 2026, at Ex. 5).

30. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

31. "[A] district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000)).

32. Based upon the allegations in the Complaint, Plaintiff's Initial Disclosures, Plaintiff's alleged injuries and surgical treatment the amount in controversy exceeds the requisite $75,000.00.

33. Thus, considering all of the information, this matter exceeds the $75,000.00 amount-in-controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." Stephenson v. Amica Mutual Insurance Company, No. 6:14-CV-978-ORL-37, 2014 WL 4162781, at *3 (M.D. Fla. Aug. 21, 2014) (footnotes omitted).

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the

Clerk of the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida.

**WHEREFORE**, Defendant, WALMART STORES EAST, L.P., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2026-CA-045020 on the docket of the Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

**/s/ AMANDA J. SHARKEY ROSS**
Amanda J. Sharkey Ross

I HEREBY CERTIFY that on September 18, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Adam J. Sundheim, Esq.
Dewitt Law Firm, P.A.
1800 Pembrook Drive, Suite 150
Orlando, FL 32810
Tel: 407-392-2669
adam.sundheim@dewittlaw.com
service@dewittlaw.com
Attorneys for Plaintiff

**/s/ AMANDA J. SHARKEY ROSS**
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
Attorney for Defendant
Henderson, Franklin, Starnes & Holt, P.A.
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone: 239.344.1249
Fax: 239.344.1249
amanda.ross@henlaw.com
tracey.salerno@henlaw.com